IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RYAN KENT, MATTHEW MORTON, and JOSHUA MORTON,<br><br>    Plaintiffs,<br><br>    v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture; ZACH DUCHENEAUX, in his official capacity as Administrator, Farm Service Agency,<br><br>    Defendants. | Case No. 3:21-cv-00540-NJR |

**THE NATIONAL BLACK FARMERS ASSOCIATION AND
THE ASSOCIATION OF AMERICAN INDIAN FARMERS'
CONDITIONAL MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS**

The National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) hereby file this Conditional Motion for Leave to Intervene as Defendants in this action (the "Conditional Motion"). Because, at present, NBFA and AAIF share the same ultimate objective as the Government in defending the law challenged in this action, the organizations expressly request that the Court defer consideration of this Motion until future developments in this lawsuit indicate that the organizations' interests diverge from the Government's. This approach balances NBFA and AAIF's interests in timely filing their application to intervene, while also accounting for how merits arguments have yet to be developed due to the litigation's early stage.[1]

---

[1] *See Solid Waste Agency of N. Cook Cty. v. U.S. Army Corps of Engs.*, 101 F.3d 503, 509 (7th Cir. 1996) ("The proper way to handle such an eventuality [where the government's

Pursuant to Fed. R. Civ. P. 24, this Conditional Motion is accompanied by (1) a Memorandum of Law in Support; and (2) NBFA and AAIF's Answer to Plaintiffs' First Amended Class Action Complaint.

Plaintiffs' counsel is unopposed to the filing of this motion as a placeholder to ensure timeliness, but reserves the right to oppose intervention in the event that it is actually requested at a later time. Defendants' counsel takes no position on the conditional motion to intervene and does not believe the interests of the Government diverge from the interests of NBFA and AAIF.

---

representation of interest "may turn inadequate" at some future point] [is] to file at the outset of the case a standby or conditional application for leave to intervene and ask the district court to defer consideration of the question of adequacy . . . .").

## MEMORANDUM OF LAW IN SUPPORT OF THE NATIONAL BLACK FARMERS ASSOCIATION AND THE ASSOCIATION OF AMERICAN INDIAN FARMERS' CONDITIONAL MOTION FOR LEAVE TO INTERVENE AS DEFENDANTS

The National Black Farmers Association (NBFA) and the Association of American Indian Farmers (AAIF) file this Conditional Motion to Intervene as Defendants in this action (the "Conditional Motion"). It requests that the Court defer consideration until future developments in this lawsuit indicate that the organizations' interests diverge from the Government's.

This approach seeks to balance requirements for intervention set out in Federal Rule of Civil Procedure 24. NBFA and AAIF have an interest in timely filing this application to intervene and defend the laws this action seeks to enjoin—which confers financial benefits on many of their members. At the same time, the conditional nature of this request recognizes the early stage of this litigation, where merits arguments and the adequacy of the Government's defense have yet to be fully developed.

Accordingly, this Memorandum is structured as follows. First, it provides the authority for NBFA and AAIF's filing of a Conditional Motion. Second, it provides factual background regarding NBFA and AAIF's purpose and membership. Third, it argues why NBFA and AAIF meet the factors required for intervention that can be ascertained at this time.

### AUTHORITY FOR CONDITIONAL APPLICATION FOR INTERVENTION

NBFA and AAIF file this Conditional Motion pursuant to the approach set out by the Seventh Circuit in *Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Engineers*, 101 F.3d 503 (7th Cir. 1996). In *Army Corps*, a plaintiff sued to challenge a federal agency's denial of a water permit, and a citizens' group moved to intervene to defend the agency's decision. *Id.* at 504. The Seventh Circuit denied the request because the putative-

1

intervenor and the agency shared the interest of defending the permitting decision and thus, "adequacy of representation [was] presumed," as the government is presumed to represent the interests of the public at large. *Id.* at 508. However, the court was also "sympathetic to the aspiring intervenor's concern that at some future point in this litigation, the government's representation of their interest may turn inadequate yet it would be too late to do anything about it." *Id.* For example, the court provided a hypothetical where the Government declined to appeal an unfavorable decision—at which point its representation of the putative-intervenor's interests "could well be thought inadequate." *Id.* at 509. The court thus set out the following solution:

> The proper way to handle such an eventuality is for the would-be intervenor, when as here no present inadequacy of representation can be shown, to file at the outset of the case a <u>standby or conditional application for leave to intervene and ask the district court to defer consideration of the question of adequacy of representation</u> until the applicant is prepared to demonstrate inadequacy.

*Id.* (emphasis added).

NBFA and AAIF are in a similar posture. They presently share the same objective as the Government in defending the laws challenged by this action—but it remains possible that at some future point, the Government's handling of this litigation may turn inadequate. NBFA and AAIF thus file this Conditional Motion pursuant to the approach set out in *Army Corps* and expressly request the Court defer consideration on the motion until future developments in this lawsuit demonstrate that the organizations' interests diverge from the Government's.

## FACTUAL AND PROCEDURAL BACKGROUND

This case challenges certain provisions in the American Rescue Plan Act of 2021 (the "Act"), a broad piece of legislation aimed at remedying the devastating effects of the COVID-19 pandemic by providing $1.9 trillion in financial relief to American individuals and industries who have been harmed by the ongoing health crisis. *See* The White House, *Am.*

*Rescue Plan,* https://www.whitehouse.gov/american-rescue-plan/. The Act includes approximately $10.4 billion in funding aimed to strengthen the agricultural and food supply chain, and includes provisions funding the purchase and distribution of agricultural commodities and providing grants to rural communities to fund programs related to healthcare and nutrition. *See What's in the Am. Rescue Plan Act of 2021 for Ag.?* Am. Farm Bureau Fed. (Mar. 8, 2021), https://www.fb.org/market-intel/whats-in-the-american-rescue-plan-act-of-2021-for-agriculture.

This case takes aim at Section 1005 of the Act, which provides financial relief to "socially disadvantaged farmers and ranchers." Section 1005 provides loan forgiveness, authorizing the U.S. Department of Agriculture ("USDA") to "provide a payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher" on direct farm loans made by USDA and on farm loans guaranteed by USDA. Section 1005(a)(2). Plaintiffs alleges that Section 1005 violates the Fifth Amendment to the Constitution because it "distributes benefits and burdens on the basis of race." Compl., Dkt. No. 1, ¶¶ 1, 55, 56. Plaintiffs also allege that USDA's implementation of Section 1005 violates the Administrative Procedure Act. *See* Compl., Dkt. No. 1, ¶¶ 69, 70.

NBFA and AAIF are non-profit, membership-based organizations dedicated to advancing the interests of Black and Native American farmers. Exh. 1, Decl. of John Boyd, Jr. ("J. Boyd Decl.") ¶¶ 3-4; Exh. 2, Decl. of Kara Boyd ("K. Boyd Decl.") ¶¶ 3-4. NBFA has a national membership of over 116,000 members, comprised largely of Black farmers and ranchers and those members direct the organization's actions by voting on agenda items and resolutions at annual meetings. J. Boyd Decl. ¶ 3. AAIF has a national membership of over 350 members, comprised largely of Native American farmers and ranchers. K. Boyd Decl. ¶ 3. AAIF's

3

activities are directed by its members through regional representatives, who vote on their constituent members' behalf to determine the organization's agenda. *Id.* ¶ 4.

NBFA's mission is to advocate for the interests of Black farmers and ranchers—which has included improving Black farmers and ranchers' access to public and private loans, as well as education regarding civil rights and land retention. J. Boyd Decl. ¶ 4. NBFA President John Boyd, Jr. has advocated on the specific issue of debt relief for the organization's members for decades and has testified before Congress on the issue. *Id.* ¶ 5. NBFA has members who are eligible for Section 1005's loan forgiveness provisions. Exh. 3, Decl. of Shade Mitchell Lewis ("Lewis Decl.") ¶ 9; Exh. 4, Decl. of Ivan Isidore Williams ("Williams Decl.") ¶ 9.

AAIF's mission is to advocate for the interests of Native American farmers and ranchers. K. Boyd Decl. ¶ 5. AAIF advances its mission by promoting investment in Native American farmers and ranchers, as well as providing them with outreach, advocacy, and technical assistance. *Id.* AAIF President Kara Boyd has specifically advocated on the Act's debt forgiveness provisions, directly engaging with federal legislators to express the organization's support for the legislation and building support for the legislation by networking with other groups that advocate for the interests of Native American farmers. *Id.* ¶ 7. AAIF is aware that it has members who are eligible for Section 1005's loan forgiveness provisions. *See id.* ¶ 8.

Thus, this suit has the potential to undo NBFA and AAIF's dogged advocacy, leave their members in debt from which Congress intended them to be freed, and prevent them from receiving additional financial support that was designed to remedy a long history of discrimination that has already cost NBFA and AAIF's members greatly. To protect those interests, NFBA and AAIF file this conditional motion to intervene under Federal Rules of Civil Procedure 24(a) and (b).

## ARGUMENT

**I.     Intervention As of Right.**

Federal Rule of Civil Procedure 24(a)(2) provides: "On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

The Seventh Circuit has elaborated that Rule 24(a)(2) intervention must be allowed where: (1) the application is timely; (2) the applicant has an interest relating to the property or transaction at issue in the litigation; (3) that interest may, as a practical matter, be impaired or impeded by disposition of the case; and (4) that the applicant's interest is not adequately represented by the parties in the lawsuit. *See Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 746 (7th Cir. 2020). An intervenor under Rule 24(a)(2) only "must meet the requirements of Article III if the intervenor wishes to pursue relief" distinct from the existing parties. *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1648 (2017).

**A.  NBFA and AAIF have Article III standing.**

Under the associational standing doctrine, an organization may bring suit on behalf of its members when (1) any one of its members would have individual standing to sue, (2) the interests involved are germane to the association's purpose, and (3) neither the claim nor requested relief are of the type that would require individual member participation. *See Shakman v. Clerk of Cook Cty.*, 994 F.3d 832, 840 (7th Cir. 2021).

NBFA and AAIF's members have standing because they stand to receive financial benefits from the law that this action seeks to enjoin. *See Flying J, Inc. v. Van Hollen*, 578 F.3d

5

569, 573 (7th Cir. 2009) (gasoline retailer association had standing to intervene and defend on appeal a district court's enjoinment of a law that benefited its members). Protecting this interest has been and remains core to NBFA and AAIF's missions. J. Boyd Decl. ¶¶ 4-9; K. Boyd Decl. ¶ 5-6. And defending the constitutionality of this law also does not require the individual participation of any of NBFA and AAIF's members. *See Flying J*, 578 F.3d at 573; *see also Chicago-Midwest Meat Ass'n v. City of Evanston*, 589 F.2d 278, 281 (7th Cir. 1978) (actions for declaratory and injunctive relief generally do not require participation of individual members). Therefore, NBFA and AAIF have Article III standing to participate in this action.

    **B. The Conditional Motion is timely.**

To determine whether NBFA and AAIF's motion is timely, courts consider four factors: (1) the length of time between the proposed intervenor's learning of their interest and the motion to intervene; (2) the extent of prejudice to existing parties from allowing late intervention; (3) the extent of prejudice to the proposed intervenor if their motion is denied; and (4) and unusual circumstances. *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 797-98 (7th Cir. 2013). Applications to intervene filed during a case's early stages and before the start of discovery are generally considered to be timely. *See, e.g.*, *Protestant Mem'l Med. Ctr., Inc. v. Maram*, No. 05-CV-03-DRH, 2005 WL 8173760, at *2 (S.D. Ill. Apr. 7, 2005) (intervention was timely because the case started only two months ago and the second amended complaint had not been filed yet); *Shapo v. Engle*, No. 98 C 7909, 2000 WL 198435, at *5 (N.D. Ill. Feb. 11, 2000) (intervention was timely because intervenor recognized its interest might be impaired only after the court partially dismissed the third amended complaint, even though the original complaint was filed more than year ago).

6

Here, this Motion is timely under all four factors. As to the first and second factors, NBFA and AAIF promptly filed this Motion a mere four weeks after learning of their interest in this case through reading the Court's order on November 10, 2021, denying the Government's motion to stay. Order, Dkt. No. 26. NBFA and AAIF conserved judicial resources by waiting to see if the Court would stay the case. The Complaint itself was filed only about six months ago on June 7, 2021. Compl., Dkt. No. 1. Filing at this very early stage of the litigation where Defendant has yet to file a responsive pleading and no discovery has been conducted is also exceedingly unlikely to prejudice any party. As to the third factor, NBFA and AAIF would be severely prejudiced if denied the opportunity to intervene because the litigation seeks to undo their advocacy and remove financial benefits to their members. As to the final factor, NBFA and AAIF are unaware of any "unusual circumstances" that would counsel against intervention.

## C.  NBFA and AAIF have a protectable interest related to this case.

To satisfy this condition, an intervenor must show that their interest in the case is a "direct, significant legally protectable one." *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 322 (7th Cir. 1995) (citation omitted). The Seventh Circuit has held that this standard is met when an intervenor seeks to defend a law to which it is a direct beneficiary. *See Flying J*, 578 F.3d at 572 (gasoline retailer association had interest to intervene in order to appeal injunction that enjoined a law that benefited its members).

Here, NBFA and AAIF stand in a similar position to the intervenors in *Flying J* because their members are likewise the intended beneficiaries of the law that Plaintiffs seek to enjoin in this case. *E.g.*, Williams Decl. ¶ 9; Lewis Decl. ¶ 9; K. Boyd Decl. ¶ 7. NBFA and AAIF thus possess a legally protectable interest sufficient to justify intervention here.

### D. This case's disposition may impair NBFA and AAIF's interests.

The Seventh Circuit has held that as to this factor, "the test is whether the outcome of the suit might impair or impede the would-be intervenor's interest." *Army Corps*, 101 F.3d at 507. This is plainly true here. An adverse resolution of this action would prevent NBFA and AAIF's members from receiving the financial benefits conferred by the laws challenged in this case.

### E. The Government's representation may become inadequate at a future point.

Where a putative-intervenor and the Government share the same objective in defending a law, courts apply a presumption that the Government's defense is adequate, *see Army Corps*, 101 F.3d at 508; hence NBFA and AAIF have filed this motion to intervene on a conditional basis. However, this litigation is still at an early stage and merits arguments have yet to be fully developed. This presumption thus may well be overcome should the Government later advance arguments that demonstrate its interests diverge from NBFA and AAIF's. For example, inadequacy of representation may be shown if the Government advances arguments that are adverse to NBFA and AAIF's interests—such as through compromise positions that limit NBFA and AAIF's members' access to financial benefits conferred by the challenged statutes. Courts have also observed that when the Government declines to appeal an adverse ruling in the case, representation "could well be thought inadequate." *See id*.

Thus, should later developments in this action indicate that NBFA and AAIF's interests diverge from the Government, the organizations will renew this motion and establish this inadequacy of representation factor, having already established the other factors above.

## II.    Permissive Intervention

NFBA and AAIA also meet the requirements of permissive intervention—but in the interests of judicial economy, they are also requesting the Court defer ruling on this issue so it can be evaluated alongside any renewed motion to intervene as of right.

Rule 24(b)(1)(B) allows a court to grant permissive intervention to a party who makes a timely motion and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). District courts have broad discretion on this issue and may grant intervention if it does not "unduly delay or prejudice the adjudication of the rights of the original parties." *Vandervelden v. US*, No. 3:18-CV-1333-NJR-GCS, 2019 WL 3254162, at *1 (S.D. Ill. July 19, 2019) (citing *Heartwood, Inc. v. U.S. Forest Serv.*, 316 F.3d 694, 701 (7th Cir. 2003)); *see also OsteoMed LLC v. Stryker Corp.*, No. 20-CV-6821, 2021 WL 1962393, at *4 (N.D. Ill. May 17, 2021).

As discussed above in Section I, permissive intervention would not prejudice the existing parties because the Conditional Motion is being filed at a very early stage of the litigation. Furthermore, there are common questions of law here because NBFA and AAIF seek to defend the law challenged by this lawsuit. *See Vandervelden*, 2019 WL 3254162, at *2 (intervenor had claims and defenses related to the main action); *see also OsteoMed LLC*, 2021 WL 1962393, at *4 (granting permissive intervention because intervenor has "a major stake in the outcome" despite the risk of expanding the case).

For these reasons, NFBA and AAIF could ask the Court to exercise its discretion to allow for permissive intervention. However, because NBFA and AAIF may later seek to intervene as of right, they believe it is most appropriate for the Court to also defer ruling on permissive intervention until the organizations determine whether their Rule 24(a) motion will become ripe.

## CONCLUSION

For the foregoing reasons, the NBFA and AAIF respectfully request the Court docket their Conditional Motion for Leave to Intervene as Defendants and defer consideration on the motion pending future developments in this lawsuit.

Dated: December 3, 2021					Respectfully submitted,

**PUBLIC JUSTICE, P.C.**

*/s/ Jessica L. Culpepper*
Jessica Culpepper* (D.C. Bar No. 988976)
Lead Counsel
David Muraskin* (D.C. Bar No. 1012451)
1620 L Street NW, Suite 630
Washington, D.C. 20036
Telephone: (202) 797-8600
Facsimile: (202) 232-7203
jculpepper@publicjustice.net
dmuraskin@publicjustice.net

\* Application for Admission Pending

*Counsel for the National Black Farmers Association and the Association of American Indian Farmers*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on December 3, 2021, which will serve all counsel of record.

*/s/ Jessica L. Culpepper*
Jessica Culpepper