**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Matthew MORTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.* <br><br> Defendants. | Case No. 3:21-cv-00540-NJR |

**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT**

Defendants answer Plaintiffs' First Amended Complaint as follows:

1.      The allegations in paragraph no. 1 are legal conclusions and Plaintiffs' characterization of this case to which no response is required. To the extent a response is deemed required, Defendants deny that Section 1005 of the American Rescue Plan Act ("ARPA") distributes benefits and burdens in violation of the Fifth Amendment to the Constitution.

2.      Admit.

3.      The allegations in paragraph no. 3 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in that paragraph.

4.      Admit that Plaintiffs self-identify as white. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in the remainder of the first sentence of paragraph no. 4. The allegations in the second, third and fourth sentences of paragraph 4 contain legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit that the Plaintiffs jointly hold a farm ownership loan from the Farm

Service Agency ("FSA") that would qualify for debt relief under section 1005 if held by a socially disadvantaged farmer or rancher and otherwise deny the allegations in those sentences.

5.      The allegations in paragraph no. 5 are Plaintiffs' characterization of this action and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in that paragraph.

6.      The allegations in paragraph no. 6 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has subject matter jurisdiction over this action based on the allegations in Plaintiffs' First Amended Complaint.

7.      The allegations in paragraph no. 7 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that this Court has the authority to issue declaratory and injunctive relief in this action but deny that any such relief is warranted.

8.      The allegations in paragraph no. 8 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit based on Plaintiffs' allegations that venue is proper.

9.      Defendants admit the allegations in the first sentence of paragraph no. 9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph no. 9. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency, and that Joshua Morton is a co-borrower on that loan. Defendants lack knowledge or information sufficient to form a belief as to the relationship between Matthew Morton and Joshua Morton. Admit that Plaintiff self-identifies as white. The remainder of the allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remainder of the allegations in paragraph 9.

10.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph no. 10. Admit that the Plaintiff has a farm loan administered by the Farm Service Agency, and that Matthew Morton is a co-borrower for that loan. Defendants lack knowledge or information sufficient to form a belief as to the relationship

between Matthew Morton and Joshua Morton. Admit that Plaintiff self-identifies as white. The remainder of the allegations in paragraph 9 are legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the remainder of the allegations in paragraph 9.

11.     Admit the first, second, and fifth sentences of paragraph 11. The third and fourth sentences are Plaintiffs' quotation from a statutory provision and not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in Section 1005 but deny any characterization inconsistent with the statute and respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

12.     Admit.  Defendants respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

13.     Admit.  Defendants respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

14.     Admit.  Defendants respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

15.     The allegations in paragraph no. 15 are Plaintiffs' characterization of and quotation from a statutory provision and not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in Section 1005 but deny any characterization inconsistent with the statute and respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

16.     The allegations in paragraph no. 16 are Plaintiffs' characterization of and quotation from a statutory provision and not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in Section 1005 but deny any characterization inconsistent with the statute and respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

17.     The allegations in paragraph no. 17 are Plaintiffs' characterization of and quotation from a statutory provision and not allegations of fact to which a response is required. To the extent a

response is deemed required, Defendants admit that the quoted language appears in Section 1005 but deny any characterization inconsistent with the statute and respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

18.     The allegations in paragraph no. 18 are Plaintiffs' characterization of a statutory provision and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the debt relief under Section 1005 is provided for socially disadvantaged farmers and ranchers. Defendants otherwise deny any characterization inconsistent with Section 1005 and respectfully refer the Court to Section 1005 for a complete and accurate statement of its contents.

19.     The allegation in paragraph no. 19 is Plaintiffs' quotation from a statutory provision and not an allegation of fact to which a response is required. To the extent a response is deemed required, admit.

20.     The allegation in the first sentence of paragraph no. 20 is Plaintiffs' quotation from a statutory provision and not an allegation of fact to which a response is required. To the extent a response is deemed required, admit. The allegations in the second and third sentences are Plaintiffs' characterization of the contents of a website and regulations and not an allegation of fact to which a response is required. To the extent a response is deemed required, Defendants deny any characterization inconsistent with the contents of the website and regulations and respectfully refer the Court to the website and regulations for a complete and accurate statement of their contents.

21.     The allegation in paragraph no. 21 is Plaintiffs' characterization of an Act of Congress, not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendants admit that ARPA, as enacted, does not contain congressional findings related to Section 1005 and deny the remainder of the allegation.

22.     The allegations in paragraph no. 22 are Plaintiffs' characterization and comparison of a statutory provision and proposed legislation, not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendants admit that SB 278 was entitled "Emergency Relief for Farmers of Color Act of 2021," deny any characterization of that bill or Section

1005 that is inconsistent with the language therein, and respectfully refer the Court to Section 1005 and SB 278 for a complete and accurate statement of their contents.

23.     The allegations in paragraph no. 23 are Plaintiffs' characterization of proposed legislation, not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendants admit that the stated purpose of Section 4 of SB 278 was "to address the historical discrimination against socially disadvantaged farmers and ranchers and address issues relating to the Coronavirus Disease 2019 (COVID–19)—(1) in farm loan programs; and (2) across the Department of Agriculture." Defendants otherwise deny the allegations in paragraph no. 23 and respectfully refer the Court to SB 278 for a complete and accurate statement of its contents and purposes.

24.     The allegations in paragraph no. 24 are Plaintiffs' characterization of a provision in proposed legislation, not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendants deny any characterization of that provision that is inconsistent with the language therein, and respectfully refer the Court to SB 278 for a complete and accurate statement of its contents.

25.     The allegations in paragraph no. 25 are Plaintiffs' characterization of a provision in proposed legislation, not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendants deny any characterization of that provision that is inconsistent with the language therein, and respectfully refer the Court to SB 278 for a complete and accurate statement of its contents.

26.     The allegations in paragraph no. 26 are Plaintiffs' characterization of a provision in proposed legislation, not an allegation of fact for which a response is required. To the extent a response is deemed required, Defendants deny any characterization of that provision that is inconsistent with the language therein, and respectfully refer the Court to SB 278 for a complete and accurate statement of its contents.

27.     The allegation in paragraph no. 27 is Plaintiffs' characterization of and quotation from a provision in proposed legislation, not an allegation of fact to which a response is required. To the

extent a response is deemed required, Defendants admit that the quoted language appears in Section 2 of SB 278 but deny any characterization inconsistent with that language and respectfully refer the Court to SB 278 for a complete and accurate statement of its contents.

28.   The allegations in paragraph no. 28 refer to a press release that speaks for itself, and therefore no response is required. To the extent a response is deemed necessary, Defendants admit that the press release contains the language quoted in paragraph 28, deny any characterization of the press release that is inconsistent with its contents, and respectfully refer the Court to the press release for a complete and accurate statement of its contents.

29.   The allegations in paragraph no. 29 refer to congressional testimony that speaks for itself, and therefore no response is required. To the extent a response is deemed necessary, Defendants admit that the testimony contains the language quoted in paragraph 29, deny any characterization of the testimony that is inconsistent with its contents, and respectfully refer the Court to the testimony for a complete and accurate statement of its contents.

30.   Admit.

31.   The allegations in paragraph no. 31 refer to a blog post that speaks for itself, and therefore no response is required. To the extent a response is deemed necessary, Defendants admit that the blog post contains the language quoted in paragraph 31, deny any characterization of the blog post that is inconsistent with its contents, and respectfully refer the Court to the blog post for a complete and accurate statement of its contents.

32.   The allegation in the first sentence of paragraph no. 32 refers to a quotation from a blog post, not an allegation of fact to which a response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in the blog post and respectfully refer the Court to the blog post for a complete and accurate statement of its contents. Defendants deny that the quotations attributed to Defendant Ducheneaux and Dewayne Goldmon contained in the second sentence of paragraph no. 32 appear on the blog post cited by Plaintiffs. Defendants therefore do not have sufficient information to admit or deny the allegation in the second sentence of paragraph no. 32, except to confirm that socially disadvantaged farmers who are within FSA records as falling

within certain racial or ethnic groups do not have to apply for the debt relief under Section 1005. Defendants do not have sufficient information to admit or deny the allegations in the third sentence of paragraph 32. Defendants admit the fifth sentence of paragraph no. 32. The sixth and seventh sentences of paragraph no. 32 refer to quotations from a letter that speaks for itself, such that no response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in the letter and respectfully refer the Court to the letter for a complete and accurate statement of its contents.

33.    The allegation in paragraph no. 33 is vague. To the extent Defendants are able to discern the meaning of the allegation in paragraph 33, Defendants admit that Congress has considered and tried numerous alternatives to remedy historical discrimination in USDA's loan programs against minority farmers. Otherwise, deny.

34.    The allegations in paragraph no. 34 are Plaintiffs' characterization of legislation and a quotation of a USDA website, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit the allegations in paragraph no. 34 and respectfully refer the Court to the legislation and website for a complete and accurate statement of their contents.

35.    The allegations in paragraph no. 35 are Plaintiffs' characterization of legislation and a quotation of a USDA website, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants admit the allegations in paragraph no. 35 and respectfully refer the Court to the legislation and website for a complete and accurate statement of their contents.

36.    Admit.

37.    Admit.

38.    Admit.

39.    Admit.

40.    The allegations in paragraph no. 40 contains Plaintiffs' characterization of legislation, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph no. 40 and respectfully refer the Court to the legislation and for a complete and accurate statement of its contents.

41.     The allegations in paragraph no. 41 contains Plaintiffs' characterization of legislation, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph no. 41 and respectfully refer the Court to the legislation and for a complete and accurate statement of its contents.

42.     The allegations in paragraph no. 42 contains Plaintiffs' characterization of legislation, not allegations of fact to which a response is required. To the extent a response is deemed required, Defendants deny the allegations in paragraph no. 41 and respectfully refer the Court to the legislation and for a complete and accurate statement of its contents.

43.     The allegations in paragraph no. 43 refer to a website that speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants admit that the website contains the language quoted in paragraph no. 43, deny any characterization of the website that is inconsistent with its contents, and respectfully refer the Court to the website for a complete and accurate statement of its contents.

44.     The allegations in paragraph no. 44 refer to a webpage that speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants admit that the webpage contains the language quoted in paragraph no. 44, deny any characterization of the webpage that is inconsistent with its contents, and respectfully refer the Court to the webpage for a complete and accurate statement of its contents.

45.     The allegations in paragraph no. 45 refer to a webpage that speaks for itself, and therefore no response is required. To the extent a response is deemed required, Defendants admit that the webpage contains the language quoted in paragraph no. 45, deny any characterization of the webpage that is inconsistent with its contents, and respectfully refer the Court to the webpage for a complete and accurate statement of its contents.

46.     Defendants deny the first sentence of paragraph no. 46. Defendants admit the second sentence of paragraph no. 46. Defendants admit that FSA continued to send letters to borrowers throughout June 2021.

47.     Admit the first and second sentences of paragraph no. 47. Admit that FSA's intention

had been to issue payments within three weeks of receipt of a signed acceptance letter, but deny that that is its current expectation. Deny that most direct borrowers' loans were paid off by the end of July 2021.

48.     Admit that section 1005 provides relief to some borrowers of loans guaranteed by FSA. Otherwise, deny.

49.     Paragraph 49 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that the Plaintiffs jointly hold a farm ownership loan from the Farm Service Agency ("FSA") that would qualify for debt relief under section 1005 if held by a socially disadvantaged farmer or rancher. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the second sentence of paragraph no. 49.

50.     Admit that USDA presently interprets "socially disadvantaged" groups to include American Indians or Alaskan Natives; Asians; Blacks or African Americans; Hispanics or Latinos; and Native Hawaiians or other Pacific Islanders. Otherwise, deny.

51.     Paragraph no. 51 consists of Plaintiffs' legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that relief under section 1005 is limited to members of a "socially disadvantaged group."

**Count I**

52.     Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

53.     The allegations in paragraph no. 53 reference constitutional provisions and Supreme Court opinions that speak for themselves, and therefore no response is required. To the extent a response is deemed required, Defendants admit the allegations in paragraph no. 53.

54.     Deny.

55.     Deny the allegations in the first and third sentences of paragraph no. 55. Admit that farmers and ranchers who have qualifying USDA farm loans and fall within certain racial and ethnic categories are eligible for debt relief under Section 1005 of ARPA.

56.     The allegations in paragraph no. 56 are Plaintiffs' characterization of Section 1005 and

legal conclusions, to which no response is required. To the extent a response is deemed required, admit that racial classifications are subject to strict scrutiny and deny the remainder of paragraph no. 56.

57.     The allegations in paragraph no. 57 are legal conclusions, to which no response is required. To the extent a response is deemed required, admit.

58.     Deny.

59.     The allegations in paragraph no. 59 consist of Plaintiffs' legal arguments and conclusions to which no response is required. To the extent a response is deemed required, deny.

60.     The allegations in the first sentence of paragraph no. 60 consist of Plaintiffs' legal arguments and conclusions to which no response is required. To the extent a response is deemed required, deny. Defendants admit the allegations in the second sentence of paragraph no. 60.

61.     The allegations in paragraph no. 61 consist of Plaintiffs' legal arguments and conclusions to which no response is required. To the extent a response is deemed required, deny.

62.     The allegations in paragraph no. 62 consist of Plaintiff's legal arguments and conclusions to which no response is required.  To the extent a response is deemed required, deny.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph no. 63. The allegations in the second, third, and fourth sentences are Plaintiffs' characterization of Section 1005 and legal arguments, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in the second and third sentences of paragraph no. 63. Defendants admit that Section 1005 provides assistance to farmers or ranchers who belong to groups whose members have been subjected to racial or ethnic prejudice and otherwise deny the allegation in the fourth sentence of paragraph no. 63.

**Count II**

64.     Defendants repeat and replead the answers set forth in the responses to the preceding paragraphs.

65.     The allegations in paragraph no. 65 consist of Plaintiffs' characterization of Section 1005 and legal conclusions to which no response is required. To the extent a response is deemed

required, admit.

66.    The allegations in paragraph no. 66 consist of Plaintiffs' characterization of Section 1005 and legal argument to which no response is required. To the extent a response is deemed required, deny.

67.    The allegations in paragraph no. 67 consist of Plaintiffs' characterization of Section 1005 and legal argument to which no response is required. To the extent a response is deemed required, deny.

68.    The allegations in paragraph no. 68 are legal conclusions to which no response is required. To the extent a response is deemed required, admit.

69.    The allegations in the first sentence of paragraph no. 69 consist of legal conclusions to which no response is required. To the extent a response is deemed required, admit. Defendants deny the allegations in the second and third sentences of paragraph no. 67.

**Prayer for Relief**

1-6.    The allegations in paragraph nos. 1-6 constitute Plaintiffs' prayer for relief to which no response is required. To the extent a response is deemed required, deny that Plaintiffs are entitled to the relief they request or any relief whatsoever.

**Affirmative Defenses**

1.    Plaintiffs have failed to exhaust administrative remedies.

2.    Plaintiffs are not entitled to attorney's fees or costs.

Defendants deny all allegations in Plaintiffs' First Amended Complaint that Defendants have not otherwise answered herein. Wherefore, having fully answered, Defendants respectfully request that the Court enter a judgment dismissing the complaint with prejudice and awarding Defendants costs and other such relief as the Court may deem appropriate.

Dated: December 8, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ Michael F. Knapp
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
MICHAEL F. KNAPP (Cal. Bar No. 314104)
KYLA M. SNOW
GARY D. FELDON
ALEXANDER SVERDLOV
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW Rm. 12008
Washington, DC 20530
Telephone: (202) 514-2071
Fax: (202) 616-8470
Email: michael.f.knapp@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2021, I electronically filed the foregoing brief using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: December 8, 2021          _/s/ Michael F. Knapp_

                                          Michael F. Knapp