# Exhibit 2

P. Mot. for Summ. J./D. Resp. to Rogs Set 2

Court: S.D. Ill.  Case No. 3:21cv540-NJR

Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento CA 95814 – 916.419.7111

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.*,<br><br>*Defendants*. | No. 3:21–cv–00514–MMH–JRK |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Thomas J. Vilsack, *et al.*, by and through their undersigned counsel, hereby respond to Plaintiff's Second Set of Interrogatories:

Defendants' objections and responses are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of information not privileged that is relevant to the claims or defenses in this civil action and that is proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1). Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of

1

relevance, proportionality, accessibility, materiality, or any other appropriate ground. Defendants reserve the right to amend these responses until the close of discovery in this case.

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS

1. Defendants object to Instruction 1 insofar as it seeks information from Defendants' "attorneys" that may be protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or any other applicable legal protection from disclosure.

2. Defendants object to Definition 2 because requiring Defendants to "identify all oral communications which were made at the act or event identified" and "all documents concerning the act or event identified" is unduly burdensome. Defendants will identify oral communications and documents to the extent necessary to comply with their obligations under the Federal Rules.

3. Defendants object to Instruction 3 as imposing obligations in excess of those created by Federal Rule of Civil Procedure 26(b)(5). Defendants will comply with that Rule.

4. Defendants object to Instructions 4 and 5 to the extent they impose, individually or collectively, obligations in excess of those created by Federal Rule of Civil Procedure 26(e). Defendants will comply with that Rule.

# RESPONSES

Interrogatory No. 19:   Identify and describe all USDA or FSA programs that have determined eligibility based on the size, cost, or value of a farmer's loan.

Response:   Defendants object that Interrogatory No. 19 requests information irrelevant to the claims or defenses in this case and is thus beyond the scope of the Federal Rules.  *See* Fed. R. Civ. P. 26(b).  Interrogatory No. 19 is also overbroad and disproportionately burdensome to the extent is seeks information pertaining to "all USDA or FSA programs."  Plaintiff challenges only USDA's implementation of Section 1005 of ARPA, and Defendants rely principally on discrimination within USDA's lending programs.  Without waiving the foregoing objections, Defendants are not aware of any USDA farm loan programs that base eligibility on the size, cost, or value of loans held by a farmer.

Interrogatory No. 20:   Identify the maximum dollar amount of a qualifying farm loan that could be forgiven or repaid for an individual farmer under Section 1005.

Response:   Loans are not "forgiven" under Section 1005.  The current maximum loan principal limits for loans that could be eligible for payments under Section 1005 are $400,000 (direct operating); $600,000 (direct farm ownership); $1,825,000 (guaranteed operating/ownership); and $500,000 (farm storage facility).

Interrogatory No. 21:   Explain and describe any context and any purpose for which USDA recognizes (meaning differentiates, distinguishes, or bases any determination on) a race or ethnicity other than those listed in Form AD-2047.

Response:   Defendants object that Interrogatory No. 21 requests information irrelevant to the claims or defenses in this case and is thus beyond the scope of the Federal Rules.  *See* Fed. R. Civ. P. 26(b).  Plaintiff challenges only USDA's

3

implementation of Section 1005 of ARPA. Whether USDA recognizes a race or ethnicity other than those listed in Form AD-2047 in other contexts or for other purposes is thus irrelevant.

Interrogatory No. 22:   Explain the source of the racial and ethnic designations on Form AD-2047, including how it was determined which races and ethnicities to include.

Response:   Defendants object that Interrogatory No. 22 requests information irrelevant to the claims or defenses in this case and is thus beyond the scope of the Federal Rules. *See* Fed. R. Civ. P. 26(b). Plaintiff challenges only USDA's implementation of Section 1005 of ARPA. How USDA determined which races and ethnicities to include on Form AD-2047 is thus irrelevant. Defendants also object to the extent this interrogatory calls for information protected by the attorney-client privilege, the deliberative process privilege, and/or other governmental privileges. Without waiving the foregoing objections, the source of the designations is the Office of Management and Budget's Standards for Maintaining, Collecting, and Presenting Data Based on Race and Ethnicity (62 Fed. Reg. 58782-58790).

Interrogatory No. 23:   Explain how USDA decided on or determined "the race and ethnic categories USDA uses in administering the 2501 Program." (Defs.' Supp'l Resp. to Interrog. No. 8).

Response:   Defendants object that Interrogatory No. 23 requests information irrelevant to the claims or defenses in this case and is thus beyond the scope of the Federal Rules. *See* Fed. R. Civ. P. 26(b). Plaintiff challenges only USDA's implementation of Section 1005 of ARPA. Whether USDA recognizes a race or ethnicity other than those listed in Form AD-2047 in the administration of the 2501

4

program or for other purposes is thus irrelevant. Defendants also object to the extent this interrogatory calls for information protected by the attorney-client privilege, the deliberative process privilege, and/or other governmental privileges.

Interrogatory No. 24: Explain what USDA and FSA do or will do to check or evaluate the accuracy of a farmer's racial or ethnic designations in determining whether they qualify for debt relief under Section 1005.

Response: Defendants object to the extent Interrogatory No. 24 calls for information protected by the attorney-client privilege, the deliberative process privilege, and/or other governmental privileges. Without waiving the foregoing objection, FSA loan customers may voluntarily self-identify their race and ethnicity as part of their loan application or at any time through form AD-2047. On the loan payment notification letter mailed to eligible borrowers pursuant to the May 2021 Notice of Funds Availability, each borrower will be required to certify, under penalty of perjury and subject to applicable laws related to fraud, their racial or ethnic designation prior to FSA making any payments under Section 1005.

Interrogatory No. 25: Explain how USDA and FSA determine or will determine whether a farmer of multiple, mixed, or uncertain race qualifies for debt relief under Section 1005.

Response: Defendants object to the extent Interrogatory No. 24 calls for information protected by the attorney-client privilege, the deliberative process privilege, and/or other governmental privileges. Without waiving the foregoing objection, FSA loan customers may voluntarily self-identify their race and ethnicity as part of their loan application or at any time through form AD-2047. On the loan payment notification letter mailed to eligible borrowers pursuant to the May 2021 Notice of Funds

5

Availability, each borrower will be required to certify, under penalty of perjury and subject to applicable laws related to fraud, their racial or ethnic designation prior to FSA making any payments under Section 1005.

As to the interrogatory responses, see Attachment for verification.

As to the objections to the interrogatories, see the below for signatories.

Dated: December 3, 2021	Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

/s/ Emily Newton
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Objections and Responses to Plaintiff's Second Set of Interrogatories was served on counsel for Plaintiff via email on December 4, 2021.

                                                  /s/ Emily Newton
                                                  EMILY SUE NEWTON
                                                  U.S. Department of Justice