# Exhibit 3

P. Mot. for Summ. J./D. Resp. to RFA Set 1

Court: S.D. Ill.  Case No. 3:21cv540-NJR

Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento CA 95814 – 916.419.7111

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.*,<br><br>*Defendants*. | No. 3:21–cv–00514–MMH–JRK |

DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS, SET ONE (as supplemented October 6, 2021)

Pursuant to Federal Rules of Civil Procedure 26 and 36, Defendants Thomas J. Vilsack, *et al.*, by and through their undersigned counsel, hereby respond to Plaintiff's Requests for Admissions, Set One:

Defendants' objections and responses are based on information known to Defendants at this time, and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of matters not privileged that are relevant to the claims or defenses in this civil action, and that is proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground.

**RESPONSES**

<u>Request for Admission No. 1</u>: Admit that a farmer who has never suffered racial discrimination could still be considered "socially disadvantaged" under Section 1005.

<u>Response</u>: Defendants object to this request on the ground that the phrase "suffered racial discrimination" is ambiguous. Without waiver of the foregoing objection, Defendants admit that the only qualification to be a socially disadvantaged farmer or rancher is to be "a farmer or rancher who is a member of a socially disadvantaged group," meaning a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." 7 U.S.C. § 2279(a)(5), (6).

<u>Supplemental Response</u>: Defendants agree, in response to Plaintiff's request in its September 20, 2021 letter, to construe the term "suffered racial discrimination" to mean "was discriminated against by USDA on the basis of race." So construed, Defendants add to the above the following objections. Whether USDA has, in fact, discriminated against a farmer who is considered "socially disadvantaged" under Section 1005 is irrelevant and thus beyond the scope of Federal Rule of Civil Procedure 36(a) (incorporating Rule 26(b)(1)). Instead, the Government need have only a strong basis in evidence for its conclusion that discrimination occurred such that remedial action was necessary. And, in seeking to eradicate the effects the racial discrimination, the Government may enact reasonable race-conscious relief that benefits individuals who were not actual victims of discrimination. Without waiving any of the foregoing objections, Defendants maintain their initial responses to RFA No. 1.

Request for Admission No. 2: Admit that a farmer who has never suffered racial discrimination could still obtain debt relief under Section 1005 if that farmer were a member of a socially disadvantaged group.

Response:     Defendants object to this request on the ground that the phrase "suffered racial discrimination" is ambiguous. Without waiver of the foregoing objection, Defendants admit that Section 1005 debt relief is available only to socially disadvantaged farmers and ranchers. Defendants further admit that the only qualification to be a socially disadvantaged farmer or rancher is to be "a farmer or rancher who is a member of a socially disadvantaged group," meaning a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." 7 U.S.C. § 2279(a)(5), (6).

Supplemental Response:     Defendants agree, in response to Plaintiff's request in its September 20, 2021 letter, to construe the term "suffered racial discrimination" to mean "was discriminated against by USDA on the basis of race." So construed, Defendants add to the above the following objections. Whether USDA has, in fact, discriminated against a farmer who is considered "socially disadvantaged" under Section 1005 is irrelevant and thus beyond the scope of Federal Rule of Civil Procedure 36(a) (incorporating Rule 26(b)(1)). Instead, the Government need have only a strong basis in evidence for its conclusion that discrimination occurred such that remedial action was necessary. And, in seeking to eradicate the effects the racial discrimination, the Government may enact reasonable race-conscious relief that benefits individuals who were not actual victims of discrimination. Without waiving any of the foregoing objections, Defendants maintain their initial responses to RFA No. 2.

Request for Admission No. 3: Admit that not every farmer who is a member of a socially disadvantaged group has suffered racial discrimination.

Response:     Defendants object to this request on the grounds that the phrase "suffered racial discrimination" is ambiguous. Without waiver of the foregoing objection, Defendants lack sufficient information to admit or deny that not every farmer who is a member of a socially disadvantaged group has suffered racial discrimination.

Supplemental Response:     Defendants agree, in response to Plaintiff's request in its September 20, 2021 letter, to construe the term "suffered racial discrimination" to mean "was discriminated against by USDA on the basis of race." So construed, Defendants add to the above the following objections. Whether USDA has, in fact, discriminated against a farmer who is considered "socially disadvantaged" under Section 1005 is irrelevant and thus beyond the scope of Federal Rule of Civil Procedure 36(a) (incorporating Rule 26(b)(1)). Instead, the Government need have only a strong basis in evidence for its conclusion that discrimination occurred such that remedial action was necessary. And, in seeking to eradicate the effects the racial discrimination, the Government may enact reasonable race-conscious relief that benefits individuals who were not actual victims of discrimination. Without waiving any of the foregoing objections, Defendants admit that not every farmer who is a member of a socially disadvantaged group was discriminated against by USDA on the basis of race.

Request for Admission No. 4: Admit that USDA has entered into settlements with minority farmers as a fair and equitable remedy for past racial discrimination by the USDA.

Response:     Defendant objects to the vagueness of the phrasing "as a fair and equitable remedy for past racial discrimination." Without waiver of the foregoing objection, Defendants

admit that the Government has settled race discrimination claims against USDA. *See, e.g.*, *Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999).

Request for Admission No. 5: Admit that a farmer who is a member of a socially disadvantaged group could obtain debt relief under Section 1005 even if that farmer had already been compensated by the USDA through a prior settlement.

Response:   Defendant objects to the vagueness of the phrase "had already been compensated through a prior settlement." Without waiver of the foregoing objection, Defendant admits an otherwise eligible farmer who received some form of settlement consideration by USDA for discrimination in a prior settlement agreement would not be precluded from qualifying for Section 1005 debt relief.

Request for Admission No. 6: Admit that white farmers (who are not Hispanic or Latino) have never been considered "socially disadvantaged" on the basis of their race in any program administered by USDA.

Response:   Defendants object to the vagueness of the phrase "any program administered by the USDA." Without waiver of the foregoing objection, Defendants admit that white farmers (who are not Hispanic or Latino) have never been considered "socially disadvantaged" on the basis of their race in any program administered by FSA.

Supplemental Response:   To the above, Defendants add the following objections. Whether white farmers, as defined in RFA No. 6, have been considered "socially disadvantaged" for purposes of non-FSA programs, is irrelevant to Plaintiff's claims, which challenge only USDA's designation of Socially Disadvantaged Groups ("SDGs") for purposes of implementing Section

1005, and Defendants' defenses, which largely rely on a strong basis in evidence of racial discrimination within FSA programs. *See* Fed. R. Civ. P. 36(a) (incorporating Rule 26(b)(1)). Without waiving these objections, Defendants admit that white farmers (who are not Hispanic or Latino) have never been considered "socially disadvantaged" on the basis of their race in any program administered by USDA.

Request for Admission No. 7: Admit that female farmers have suffered discrimination on the basis of sex.

Response:   Defendants object to this request on the ground that the phrase "suffered discrimination on the basis of sex" is ambiguous. Without waiver of the foregoing objections, Defendants lack sufficient information to admit or deny that all female farmers have suffered discrimination on the basis of sex.

Supplemental Response:   Defendants agree, in response to Plaintiff's request in its September 20, 2021 letter, to construe the term "suffered discrimination on the basis of sex" to mean "was discriminated against by USDA on the basis of sex" and to construe "female farmers" as "some female farmers." So construed, Defendants add to the above the following objections. Whether USDA has discriminated against some number of female farmers on the basis of sex is irrelevant to Plaintiff's claims that USDA has engaged in racial discrimination in implementing Section 1005, and Defendants' defenses, which largely rely on a strong basis in evidence of racial discrimination within FSA programs. Moreover, whether USDA has discriminated against some number of female farmers is irrelevant to whether female farmers should have been included in the SDGs under Section 1005. Without waiving any of the

foregoing objections, Defendants admit that some female farmers have been discriminated against by USDA on the basis of sex.

Request for Admission No. 8: Admit that female farmers have been considered socially disadvantaged on the basis of sex for purposes of other programs administered by USDA.

Response:   Defendants object that the phrase "other programs" is ambiguous and will interpret it to mean "one or more program other than Section 1005." Without waiver of the foregoing objection, Defendants admit that female farmers have been considered socially disadvantaged on the basis of their sex for some other USDA programs.

Request for Admission No. 9: Admit that female farmers are not socially disadvantaged (on the basis of their sex) for purposes of Section 1005.

Response:   Defendants object to the Request as exceeding the scope of Federal Rule of Civil Procedure 36(a)(1) on the ground that it requests a purely legal conclusion regarding the meaning of ARPA Section 1005, rather than "the application of law to fact" or an opinion concerning such an application. Without waiver of the foregoing objection, Defendants admit that the only qualification to be a socially disadvantaged farmer or rancher is to be "a farmer or rancher who is a member of a socially disadvantaged group," meaning a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." 7 U.S.C. § 2279(a)(5), (6).

Supplemental Response:   In Plaintiff's September 20, 2021 letter, Plaintiff revised his request to include the following italicized text: "Admit that *USDA and FSA do not consider female farmers to be socially disadvantaged for purposes of Section 1005 on the basis of their

sex *(i.e., apart from their race)*." Without waiving any of the foregoing objections, Defendants further admit that, apart from their belonging in the SDA categories referred to in the May 26, 2021 Notice of Funds Availability ("NOFA"), female farmers are not one of the groups listed as socially disadvantaged.

Request for Admission No. 10: Admit that race (including ethnicity) is the only relevant consideration in determining whether a farmer is socially disadvantaged for purposes of Section 1005.

Response:    Defendants object to the Request as exceeding the scope of Federal Rule of Civil Procedure 36(a)(1) on the ground that it requests a purely legal conclusion regarding the meaning of ARPA Section 1005, rather than "the application of law to fact" or an opinion concerning such an application. Without waiver of the foregoing objection, Defendants admit that the only qualification to be a socially disadvantaged farmer or rancher is to be "a farmer or rancher who is a member of a socially disadvantaged group," meaning a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." 7 U.S.C. § 2279(a)(5), (6).

Request for Admission No. 11: Admit that whether a farmer has suffered economic losses due to the Coronavirus pandemic is irrelevant to whether that farmer is considered socially disadvantaged under Section 1005.

Response:    Defendants object to the Request as exceeding the scope of Federal Rule of Civil Procedure 36(a)(1) on the ground that it requests a purely legal conclusion regarding the meaning of ARPA Section 1005, rather than "the application of law to fact" or an opinion concerning

such an application. Although Congress established Section 1005 in part in light of the disproportionate impact of the Coronavirus pandemic on farmers of certain racial and ethnic groups and the disproportionately small share of past pandemic relief received by those farmers, without waiver of the foregoing objection, Defendants admit that the only qualification to be a socially disadvantaged farmer or rancher is to be "a farmer or rancher who is a member of a socially disadvantaged group," meaning a group "whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities." *Id.* §§ 2279(a)(5) & (a)(6).

Request for Admission No. 12: Admit that for purposes of Section 1005, the Secretary of Agriculture can only grant requests for racial or ethnic groups to be recognized as socially disadvantaged.

Response:     Defendants object to the Request as exceeding the scope of Federal Rule of Civil Procedure 36(a)(1) on the ground that it requests a purely legal conclusion regarding the authority of the Secretary of Agriculture, rather than "the application of law to fact" or an opinion concerning such an application. Without waiver of the foregoing objection, Defendants admit that "[t]he Secretary of Agriculture will determine on a case-by-case basis" and "in response to a written request with supporting explanation" whether a group will "qualify under th[e] definition" in 7 U.S.C. § 2279(a)(6), *Notice of Funds Availability; American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA)*, 86 Fed. Reg. 28,329, 28,330 (May 26, 2021), which is limited to "group[s] whose members have been subjected to racial or ethnic prejudice because of their identity as members of a group without regard to their individual qualities," 7 U.S.C. § 2279(a)(6).

Request for Admission No. 13: Admit that USDA has never implemented a debt relief program that hinges eligibility for debt relief on the size, cost, or value of a farmer's farm.

Response: Defendants object to this request on the grounds that the phrases "debt relief program" and "hinges eligibility" are as ambiguous. For the purposes of this response only, Defendants will interpret the former term as meaning "a program that decreases, through direct payment or other means, all or a portion of a recipient's outstanding debt" and the latter term as meaning the necessary criteria for eligibility for USDA debt relief programs. Without waiver of the foregoing objection, denied.

Request for Admission No. 14: Admit that USDA has never implemented a debt relief program that hinges eligibility for debt relief on economic losses that a farmer has suffered as a result of the COVID-19 pandemic.

Response: Defendants object to this request on the grounds that the phrases "debt relief program" and "hinges eligibility" are ambiguous. For the purposes of this response only, Defendants will interpret the former term as meaning "a program that decreases, through direct payment or other means, all or a portion of a recipient's outstanding debt" and the latter term as meaning the necessary criteria for eligibility for USDA debt relief programs. Although Congress established Section 1005 in light of the disproportionate impact of the Coronavirus pandemic on farmers of certain racial and ethnic groups and the disproportionately small share of pandemic relief received by those farmers, without waiver of the foregoing objections, Defendants admit that there is no debt relief program for which the necessary criteria is showing economic losses as a result of the COVID-19 pandemic.

Request for Admission No. 15: Admit that USDA has never implemented a debt relief program that hinges eligibility for debt relief on the type of crops grown or livestock raised by a farmer.

Response:      Defendants object to this request on the grounds that the phrases "debt relief program" and "hinges eligibility" are as ambiguous. For the purposes of this response only, Defendants will interpret the former term as meaning "a program that decreases, through direct payment or other means, all or a portion of a recipient's outstanding debt" and the latter term as meaning the necessary criteria for eligibility for USDA debt relief programs. Without waiver of the foregoing objections, admitted.

Request for Admission No. 16: Admit that a "socially disadvantaged" farmer with a qualifying farm loan that had an outstanding loan balance as of January 1, 2021 qualifies for debt forgiveness under Section 1005 regardless of the size of the loan.

Response:      Defendants object to the Request as exceeding the scope of Federal Rule of Civil Procedure 36(a)(1) on the ground that it requests a purely legal conclusion regarding the meaning of ARPA Section 1005, rather than "the application of law to fact" or an opinion concerning such an application. Defendants further object that the term "debt forgiveness" is ambiguous and does not accurately characterize Section 1005. Defendants will interpret the phrase to mean "farm loan assistance" as provided by Section 1005 ("Farm Loan Assistance for Socially Disadvantaged Farmers"). Finally, Defendants object to the phrase "regardless of the size of the size of the loan" because Section 1005 applies only to USDA direct or guaranteed loans, the size and terms of which are governed by applicable statutes and regulations. Without waiver of the foregoing objections, Defendants admit that Section 1005 appropriates funds to provide "a

payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher as of January 1, 2021."

Request for Admission No. 17: Admit that a "socially disadvantaged" farmer with a qualifying farm loan that had an outstanding loan balance as of January 1, 2021 qualifies for debt relief under Section 1005 regardless of whether the farmer was current on his or her loan payments.

Response:     Defendants object to the Request as exceeding the scope of Federal Rule of Civil Procedure 36(a)(1) on the ground that it requests a purely legal conclusion regarding the meaning of ARPA Section 1005, rather than "the application of law to fact" or an opinion concerning such an application. Without waiver of the foregoing objection, Defendants admit that Section 1005 appropriates funds to provide "a payment in an amount up to 120 percent of the outstanding indebtedness of each socially disadvantaged farmer or rancher as of January 1, 2021.

Request for Admission No. 18: Admit that USDA lists five racial groups ("American Indian / Alaskan Native," "Native Hawaiian/Other Pacific Islander," "Asian," "White," and "Black/African American") and two ethnicities ("Hispanic or Latino" and "Not Hispanic or Latino") on the "Demographic Information" portion of Form AD-2047.

Response:     Admitted.

Request for Admission No. 19: Admit that of the racial/ethnic combinations on Form AD-2047, White and Non-Hispanic is the only group that has not been recognized as socially disadvantaged for purposes of Section 1005.

Response:     Admitted.

Request for Admission No. 20: Admit that USDA does not currently recognize any additional racial or ethnic groups beyond the ones listed in its Form AD-2047.

Response: Defendant objects to the phrase "recognizes . . . racial or ethnic groups" as ambiguous because racial and ethnic groups are recognized in different contexts and for different purposes. Defendants will respond to this request for admission when Plaintiff specifies the context and purpose he intends in this request.

Supplemental Response: In his September 20, 2021 letter, Plaintiff asks Defendants to "constru[e] the term 'recognizes' to mean 'for any governmental purpose, expressly differentiates, distinguishes, or based any determination upon—including but not limited to determining eligibility for loan forgiveness under Section 1005." Pl.'s Resp. Letter 3. Defendants object that it is irrelevant whether USDA currently recognizes additional racial or ethnic groups beyond the ones listed in its Form AD-2047 for any governmental purpose. Plaintiff challenges only USDA's implementation of Section 1005 of ARPA. This request is thus beyond the scope of Federal Rule of Civil Procedure 36(a) (incorporating Rule 26(b)(1)).

Without waiving those objections, Defendants agree construe the term "recognizes" to mean "for the purpose of determining eligibility for debt relief under Section 1005, expressly differentiates, distinguishes, or bases any determination upon" and respond as follows: Defendants admit that for the purpose of determining eligibility for debt relief under Section 1005, Defendants do not currently recognize any additional racial or ethnic groups beyond the ones listed in its Form AD-2047.

<u>Request for Admission No. 21</u>: Admit that USDA currently recognizes additional racial or ethnic groups beyond the ones listed in its Form AD-2047.

<u>Response</u>:   Defendant objects to the phrase "recognizes . . . racial or ethnic groups" as ambiguous because racial and ethnic groups are recognized in different contexts and for different purposes. Defendants will respond to this interrogatory when Plaintiff specifies the context and purpose he intends in this request.

<u>Supplemental Response</u>:   In his September 20, 2021 letter, Plaintiff asks Defendants to "constru[e] the term 'recognizes' to mean 'for any governmental purpose, expressly differentiates, distinguishes, or based any determination upon—including but not limited to determining eligibility for loan forgiveness under Section 1005." Pl.'s Resp. Letter 3. Defendants object that it is irrelevant whether USDA currently recognizes additional racial or ethnic groups beyond the ones listed in its Form AD-2047 for any governmental purpose. Plaintiff challenges only USDA's implementation of Section 1005 of ARPA. This request is thus beyond the scope of Federal Rule of Civil Procedure 36(a) (incorporating Rule 26(b)(1)). Without waiving those objections, Defendants agree construe the term "recognizes" to mean "for the purpose of determining eligibility for debt relief under Section 1005, expressly differentiates, distinguishes, or bases any determination upon" and respond as follows:  Defendants deny that, for the purpose of determining eligibility for debt relief under Section 1005, they currently recognize any additional racial or ethnic groups beyond the ones listed in its Form AD-2047.

Dated: October 6, 2021            Signed,

                                  BRIAN M. BOYNTON
                                  Acting Assistant Attorney General

                                  LESLEY FARBY

Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Emily Sue Newton*
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-8356 / Fax: (202) 616-8460
emily.s.newton@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Objections and Responses to Plaintiff's Requests for Admissions, Set One (as supplemented October 6, 2021) was served on counsel for Plaintiff via email on October 6, 2021.

*/s/ Kyla M. Snow*
KYLA M. SNOW
