# Exhibit 5

P. Mot. for Summ. J./D. Resp. to RFP Set 1

Court: S.D. Ill.  Case No. 3:21cv540-NJR

Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento CA 95814 – 916.419.7111

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.*,<br><br>*Defendants*. | No. 3:21–cv–00514–MMH–JRK |

DEFENDANTS' OBJECTIONS AND RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Thomas J. Vilsack, *et al.*, by and through their undersigned counsel, hereby respond to Plaintiff's First Set of Requests for Production of Documents:

Defendants' objections and responses are based on information known to Defendants at this time, and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of matters not privileged that are relevant to the claims or defenses in this civil action, and that is proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1). Accordingly, Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of relevance, proportionality, accessibility, materiality, or any other appropriate ground.

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS

1. Defendants object to Instruction 2 to the extent it purports to impose obligations in excess of those created by Federal Rule of Civil Procedure 34. Defendants will comply with that Rule.

2. Defendants object to Instruction 3 as imposing obligations in excess of those created by Federal Rule of Civil Procedure 26(b)(5). Defendants will comply with that Rule.

3. Defendants object to Instruction 4 to the extent it would require them to produce documents not fairly described by the requests below.

4. Defendants object to Instructions 5 and 6 to the extent they impose, individually or collectively, obligations in excess of those created by Federal Rule of Civil Procedure 26(e). Defendants will comply with that Rule.

5. Defendants object to Plaintiff's Definition No. 3 to the extent that it defines "document" to include "draft[s]," as such a definition is inherently overbroad and unduly burdensome. To the extent that Plaintiff seeks either drafts or information contained within drafts, that information is highly likely to be subject to withholding as protected by one or more governmental privileges, including the deliberative process privilege. Searching for, reviewing, redacting and/or producing a privilege log for all such records would be unduly burdensome and disproportionate to the needs of the case. Moreover, to the extent Plaintiff seeks all "nonidentical cop[ies]" of a document or electronically stored information without limitation, the definition is unduly burdensome in that it would require Defendants to search for redundant documents without regard to whether those documents contain any meaningfully distinct information. Accordingly, unless otherwise noted, Defendants will not search for or produce all "nonidentical cop[ies]" or draft documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Request for Production No. 1:        All documents identified in Defendants' Initial Disclosures.

Response:     Defendants will produce, on a rolling basis, all non-privileged documents identified in their initial disclosures.

Request for Production No. 2:        All documents identified in your response to INTERROGATORY NO. 2.

Response:     Defendants object to this request to the extent that it seeks information that is protected by the deliberative process privilege, the attorney-client privilege, or other governmental privileges. Defendants further object that this request is unduly burdensome and disproportionate to the needs of the case insofar as it seeks production of documents readily available to the public or that do not contain information relevant to the claims or defenses in this case.

Subject to the limitations and objections stated above, Defendants will produce, on a rolling basis, all non-privileged documents identified in their response to Plaintiff's Interrogatory No. 2.

Request for Production No. 3: All documents identified in your response to INTERROGATORY NO. 4.

Response:     Defendants object to this request as nonsensical. Interrogatory No. 4 does not ask Defendants to identify documents.

Defendants are available to meet and confer regarding this request.

Request for Production No. 4:     All documents, including communications, concerning any attempts to tailor the "socially disadvantaged" provisions of Section 1005 to further each interest you identify in your answer to INTERROGATORY NO. 4.

Response:     Defendants object to the phrase "attempts to tailor" as ambiguous. Defendants further object to this request as overly burdensome and disproportionate to the needs of the case because (a) communications about hypothetical alternatives to Section 1005 that were not considered by Congress are not relevant to the merits of Plaintiff's legal challenge to the law enacted by Congress, (b) requiring production of all documents merely "concerning" tailoring of the relevant provisions of Section 1005 is disproportionate to Plaintiff's purported need for information about the existence and nature of such tailoring, and (c) the request overwhelmingly seeks information protected from discovery, especially information protected by the deliberative process privilege. Requiring Defendants to search intra-governmental communications and generate a privilege log would create an undue burden and would be disproportionate to the needs of the case, particularly given that Plaintiff brings a facial challenge to a federal statute.

Without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents, excluding intra-governmental communications, that are within their possession, custody, or control and that can be obtained through a reasonable search and which demonstrate that Section 1005 is tailored to further the interests Defendants identify in response to Plaintiff's Interrogatory No. 4,.

Request for Production No. 5:     All documents, including communications, concerning any race-neutral alternatives that were implemented or considered to further each interest you identify in your answer to INTERROGATORY NO. 4.

Response:     Defendants object to the phrases "race-neutral alternatives" and "alternatives that were implemented" as ambiguous. Defendants further object to this request as overly burdensome and disproportionate to the needs of the case because (a) communications about

hypothetical alternatives to Section 1005 that were not considered by Congress are not relevant to the merits of Plaintiff's legal challenge to the law enacted by Congress, (b) requiring production of all documents merely "concerning" race-neutral alternatives to Section 1005 is disproportionate to Plaintiff's purported need for information about the existence and nature of such alternatives, (c) producing documents about every race-neutral program intended to further the identified Government interests would be exceptionally burdensome, and (d) the request overwhelmingly seeks information protected from discovery, especially information protected by the deliberative process privilege. Requiring Defendants to search intra-governmental communications and generate a privilege log would create an undue burden and would be disproportionate to the needs of the case, particularly given that Plaintiff brings a facial challenge to a federal statute.

Defendants are available to meet and confer regarding this request.

Request for Production No. 6:     All documents concerning how it is determined which groups are "socially disadvantaged groups" for purposes of Section 1005 and 7 U.S.C. 2279.

Response:     Defendants object to this request as overly burdensome and disproportionate to the needs of the case because requiring production of all documents merely "concerning" which groups are considered socially disadvantaged under Section 1005 and 7 U.S.C. § 2279 but not necessary to demonstrate the process for determining socially disadvantaged groups. Defendants also object to this request as overly burdensome and disproportionate to the needs of the case to the extent it seeks production of all documents concerning which groups are considered socially disadvantaged "for purposes of . . . 7 U.S.C. 2279," because that statute provides a definition of "socially disadvantaged" that applies to various, distinct USDA programs that are entirely

independent from Section 1005; thus, documents concerning how specific groups were determined to be socially disadvantaged for those other, independent programs would not be relevant to Plaintiff's challenge to Section 1005.

Without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents that are within their possession, custody, or control and that can be obtained through a reasonable search and which are sufficient to show how socially disadvantaged groups are determined for purposes of Section 1005.

Request for Production No. 7: All documents that were used or considered by FSA in making the determination in *Notice of Funds Availability; American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA)*, 86 Fed. Reg. 28,329 (May 26, 2021), that the following are "socially disadvantaged groups" for purposes of Section 1005: American Indians or Alaskan Natives; Asians; Blacks or African Americans; Native Hawaiians or other Pacific Islanders; and Hispanics or Latinos.

Response: Defendants object to this request because requiring production of all documents that were "used" or "considered," but not actually relied upon, in determining that the groups identified in the *Notice of Funds Availability; American Rescue Plan Act of 2021 Section 1005 Loan Payment (ARPA)*, 86 Fed. Reg. 28,329 (May 26, 2021) ("NOFA"), are socially disadvantaged is overly burdensome and disproportionate to the needs of the case.

Without waiving the foregoing objections, Defendants will produce responsive, non-privileged documents within their possession, custody, or control that can be obtained through a reasonable search and which were relied upon in making the determination that the groups identified in the NOFA are socially disadvantaged for purposes of Section 1005.

Request for Production No. 8:       All documents, including any communications, concerning the consideration of any additional groups for inclusion as a "socially disadvantaged" group for purposes of Section 1005 or 7 U.S.C. 2279.

Response:       Defendants object to this request because requiring production of all documents merely "concerning" the consideration of any additional groups for inclusion as socially disadvantaged under Section 1005 or 7 U.S.C. § 2279 but not reflecting the substance of the considerations of additional groups for designation as socially disadvantaged for the purposes of Section 1005 or 7 U.S.C. § 2279 is overly burdensome and disproportionate to the needs of the case. Defendants further object to this request insofar as it seeks intra-governmental communications that are likely to be overwhelmingly protected from discovery by the attorney-client privilege or deliberative process privilege. Requiring Defendants to search intra-governmental communications and generate a privilege log would create an undue burden and would be disproportionate to the needs of the case, particularly given that Plaintiff brings a facial challenge to a federal statute. Defendants also object to this request as overly burdensome and disproportionate to the needs of the case to the extent it seeks production of all documents concerning which groups are considered socially disadvantaged "for purposes of . . . 7 U.S.C. 2279," because that statute provides a definition of "socially disadvantaged" that applies to various, distinct USDA programs that are entirely independent from Section 1005; thus, documents concerning how specific groups were determined to be socially disadvantaged for those other, independent programs would not be relevant to Plaintiff's challenge to Section 1005.

   Without waiving the foregoing objections, Defendants will produce, on a rolling basis, requests for the Secretary to consider additional groups for inclusion in the definition of socially disadvantaged group for purposes of Section 1005 that are or have been received by Defendants as well as Defendants' responses to those requests.

Request for Production No. 9:     Documents sufficient to show the demographics (including location, crops grown, age, race, and ethnicity) of all farmers and ranchers who hold a "qualifying loan" under Section 1005.

Response:     Defendants object to this request as ambiguous as to the traits included in the term "demographics" and overly burdensome as to the specific traits identified as examples. Many demographic traits have no relevance to any claim or defense in light of the nature of Plaintiff's claims. Defendants object to this question to the extent that it seeks documents the disclosure of which would violate 5 U.S.C § 552a and 7 U.S.C. § 8791.

   Defendants are available to meet and confer regarding this request.

Request for Production No. 10:     Documents sufficient to show the demographics (including location, crops grown, age, race, and ethnicity) of all socially disadvantaged farmers and ranchers who hold a "qualifying loan" under Section 1005.

Response:     Defendants object to this request as ambiguous as to the traits included in the term "demographics" and overly burdensome as to the specific traits identified as examples. Many demographic traits have no relevance to any claim or defense in light of the nature of Plaintiff's claims. Defendants object to this question to the extent that it seeks information the disclosure of which would violate 5 U.S.C § 552a and 7 U.S.C. § 8791.

   Defendants are available to meet and confer regarding this request.

Request for Production No. 11:     All communications between USDA or FSA and any member of Congress or congressional staff, including the staff of any congressional committee,

regarding the development of Section 1005 or any similar provision (including proposed Senate Bill 278).

Response:   Defendants object to this request as ambiguous as to the scope of the phrase "similar provision." Defendants further object that the request is overly burdensome and disproportionate to the needs of the case because legislative consultations about the development of Section 1005 and other provisions are not relevant to the merits of Plaintiff's legal challenge to the actual law as-enacted and applied. The requests are additionally unduly burdensome because the request overwhelmingly seeks information protected from discovery, especially information protected by the deliberative process privilege. *See Am. Oversight v. United States Dep't of the Treasury*, 474 F. Supp. 3d 251, 262 (D.D.C. 2020) (applying consultation corollary to deliberative process privilege to communications with Congress). The burden of collecting, reviewing, redacting, and logging responsive documents would therefore be grossly disproportionate to the possibility of identifying some small quantity of non-privileged, responsive-but-still-irrelevant information.

Defendants are available to meet and confer regarding this request.

Dated: September 10, 2021          Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Michael F. Knapp*
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys

United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 305-8356 / Fax: (202) 616-8460
emily.s.newton@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Objections and Responses to Plaintiff's First Set of Requests for Production of Documents was served on counsel for Plaintiff via email on September 10, 2021.

*/s/ Kyla M. Snow*
KYLA M. SNOW

# Barbara A. Siebert

| | |
|---|---|
| **From:** | Wen Fa |
| **Sent:** | Saturday, September 11, 2021 7:51 AM |
| **To:** | Incoming Lit; Sam M. Chang; Brien P. Bartels; Joshua P. Thompson; Christopher M. Kieser; Christina M. Martin; Glenn E. Roper; Daniel M. Ortner |
| **Subject:** | FW: Wynn - discovery responses |
| **Attachments:** | Wynn - RFA 1 Responses.pdf; Wynn - RFP 1 Responses.pdf; Wynn - Rog 1 Responses.pdf |

3-1624
Sam: Can you download the first set of document production and put them in a document production folder in 3-1624? Thanks!
Wen

**Wen Fa** | Attorney
Pacific Legal Foundation
930 G Street | Sacramento, CA 95814
916.419.7111



**From:** Snow, Kyla (CIV) [mailto:Kyla.Snow@usdoj.gov]
**Sent:** Friday, September 10, 2021 7:13 PM
**To:** Wen Fa <WFa@pacificlegal.org>
**Cc:** Glenn E. Roper <GERoper@pacificlegal.org>; Daniel M. Ortner <DOrtner@pacificlegal.org>; Knapp, Michael F. (CIV) <Michael.F.Knapp@usdoj.gov>; Feldon, Gary D. (CIV) <Gary.D.Feldon@usdoj.gov>; Newton, Emily S. (CIV) <Emily.S.Newton@usdoj.gov>
**Subject:** Wynn - discovery responses

Good evening, Wen:

Attached are Defendants' responses and objections to Plaintiff's discovery requests.

Additionally, this morning, we uploaded our first production to JEFS, Wynn Prod001. These documents are being produced in response to RPF 1 in Plaintiff's first set of requests for production and to supplement our initial disclosures under Rule 26(e). Please let us know if you have any trouble accessing the documents.

Best,
Kyla


Kyla M. Snow
Trial Attorney | U.S. Department of Justice
Civil Division | Federal Programs Branch
1100 L Street NW
Washington, D.C. 20005
Kyla.Snow@usdoj.gov

(202) 514-3259

2