# Exhibit 6

P. Mot. for Summ. J./D. Resp. to RFP Set 2

Court: S.D. Ill.  Case No. 3:21cv540-NJR

Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento CA 95814 – 916.419.7111

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SCOTT WYNN, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.*,<br><br>*Defendants*. | No. 3:21–cv–00514–MMH–JRK |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Thomas J. Vilsack, *et al.*, by and through their undersigned counsel, hereby respond to Plaintiff's Second Set of Requests for Production of Documents:

Defendants' objections and responses are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants subsequently identify additional grounds for objection. The information submitted herewith is being provided in accordance with the Federal Rules of Civil Procedure, which generally permit the discovery of information not privileged that is relevant to the claims or defenses in this civil action and that is proportional to the reasonable needs of the case. Fed. R. Civ. P. 26(b)(1). Defendants do not, by providing such information, waive any objection to its admissibility on the grounds of

1

relevance, proportionality, accessibility, materiality, or any other appropriate ground. Defendants reserve the right to amend these responses until the close of discovery in this case.

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S INSTRUCTIONS AND DEFINITIONS

1. Defendants object to Instruction 2 to the extent it purports to impose obligations in excess of those created by Federal Rule of Civil Procedure 34. Defendants will comply with that Rule.

2. Defendants object to Instruction 3 as imposing obligations in excess of those created by Federal Rule of Civil Procedure 26(b)(5). Defendants will comply with that Rule.

3. Defendants object to Instruction 4 to the extent it would require them to produce documents not fairly described by the requests below.

4. Defendants object to Instructions 5 and 6 to the extent they impose, individually or collectively, obligations in excess of those created by Federal Rule of Civil Procedure 26(e). Defendants will comply with that Rule.

5. Defendants object to Plaintiff's Definition No. 2 to the extent that it defines "document" to include "draft[s]," as such a definition is inherently overbroad and unduly burdensome. To the extent Plaintiff seeks either drafts or information contained within drafts, that information is highly likely to be subject to withholding as protected by one or more governmental privileges, including the deliberative process privilege. Searching for, reviewing, redacting and/or producing a privilege log for all

such records would be unduly burdensome and disproportionate to the needs of the case. Moreover, to the extent Plaintiff seeks all "nonidentical cop[ies]" of a document or electronically stored information without limitation, the definition is unduly burdensome in that it would require Defendants to search for redundant documents without regard to whether those documents contain any meaningfully distinct information. Accordingly, unless otherwise noted, Defendants will not search for or produce draft documents or all "nonidentical cop[ies]."

## RESPONSES

Request for Production No. 12: Documents sufficient to identify all USDA or FSA programs that have based eligibility on the size, cost, or value of a farmer's loan.

Response: Defendants object that RFP No. 12 requests information irrelevant to the claims or defenses in this case and is thus beyond the scope of the Federal Rules. *See* Fed. R. Civ. P. 26(b). RFP No. 12 is also overbroad and disproportionately burdensome to the extent is seeks documents sufficient to identify "all USDA or FSA programs." Plaintiff challenges only USDA's implementation of Section 1005 of ARPA, and Defendants rely principally on discrimination within USDA's lending programs. Without waiving those objections, Defendants refer Plaintiff to Defendants' response to Interrogatory No. 19.

Request for Production No. 13: Documents supporting the calculation of the number and dollar amount identified in response to Interrogatory No. 13.

Response: Defendants will produce any responsive, non-privileged material in response to this request pursuant to their ongoing document review and production.

3

<u>Request for Production No. 14</u>:  Documents supporting the calculation of the number and dollar amount identified in response to Interrogatory No. 17.

<u>Response:</u>   Defendants will produce any responsive, non-privileged material in response to this request pursuant to their ongoing document review and production.

Dated: December 3, 2021        Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

<u>*/s/ Emily Newton*</u>
EMILY SUE NEWTON (VA Bar No. 80745)
Senior Trial Counsel
KYLA M. SNOW (Ohio Bar No. 96662)
MICHAEL F. KNAPP (Cal. Bar No. 314104)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 514-3259 / Fax: (202) 616-8460
Kyla.snow@usdoj.gov

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendants' Objections and Responses to Plaintiff's Second Set of Interrogatories was served on counsel for Plaintiff via email on December 3, 2021.

                                             */s/ Emily Newton*
                                             EMILY SUE NEWTON
                                             U.S. Department of Justice