## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW MORTON and JOSHUA
MORTON,

     Plaintiffs,

v.

THOMAS J. VILSACK, in his official
capacity as Secretary of Agriculture; ZACH
DUCHENEAUX, in his official capacity as
Administrator, Farm Service Agency,

     Defendants.

Case No. 3:21-cv-00540-NJR

## PLAINTIFFS' RESPONSE TO MOTION TO FILE AMICUS BRIEF

Pursuant to this Court's order, ECF No. 55, Plaintiffs Matthew and Joshua Morton submit

this response to the motion by the National Black Farmers Association and the Association of

American Indian Farmers to file an amicus brief in support of Defendants. Plaintiffs do not oppose

the organizations' participation as amici, but they do oppose the organizations' position that

"intervention" is warranted because amici disagree with Defendants' proposed remedy. Plaintiffs

write to briefly comment on the two positions amici take that diverge from Defendants' arguments.

First, amici seek to advance a position that Defendants (and their expert witness)

themselves reject—namely, that USDA continues to this day to discriminate against minority

farmers and ranchers. *See* Proposed Brief at 11 ("Despite USDA's current stance in Court,

Congress had abundant evidence that structural racism is well and alive within USDA when it

considered Section 1005. Amici and many other advocates testified to Congress that USDA

continues to engage in discriminatory practices against racial minorities."). The Seventh Circuit,

however, has been clear that courts should not consider arguments raised only by an amicus. *See*

*Nat'l Comm'n on Egg Nutrition v. F.T.C.*, 570 F.2d 157, 160 n.3 (7th Cir. 1977). In our adversary system, Defendants' concession that Section 1005 does not remedy ongoing discrimination on the part of USDA must bind them.

Even if the Court were to consider amici's argument, the anecdotes provided by amici would not justify a remedial measure in the form of blanket debt forgiveness for *all non-white, non-Hispanic farmers and ranchers*. Anecdotes alone do not establish a strong basis in evidence for concluding that remedial measures are warranted. But even if they did, Section 1005 attempts to solve the problem with *significantly more racial discrimination* than is required to provide a remedy to those individuals who were alleged victims of discrimination. It is hard to imagine a measure less tailored to address the Government's alleged racial discrimination. Instead, "[t]he way to stop discrimination on the basis of race is to stop discriminating on the basis of race." *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 748 (2007) (plurality opinion).

Second, amici say that "the Government's position on expanding Section 1005 to include farmers who are not socially disadvantaged diverges from Amici's view of the law and proper course for Constitutional review, warranting an intervention." Proposed Br. at 20. But discussion of remedy is relevant only if Plaintiffs prevail and the Court declares Section 1005 unconstitutional. Amici apparently fail to recognize this possibility. Consequently, they do not propose any *alternative* remedy. Of course, amici and their members do not want to see debt relief expanded "without qualification." *Id.* But because they give no hint of what they believe the Court

should do instead if Plaintiffs prevail, their discussion of remedy does not add anything useful to the Government's argument.[1]

DATED:  March 16, 2022.

Respectfully submitted,

PACIFIC LEGAL FOUNDATION

s/ Glenn E. Roper
Glenn E. Roper,                          Wencong Fa,
Colo. Bar No. 38723                      Cal. Bar No. 301679*
Lead Counsel                             Christopher M. Kieser,
1745 Shea Center Dr., Suite 400          Cal. Bar No. 298486*
Highlands Ranch, CO 80129                555 Capitol Mall, Suite 1290
Telephone:  (916) 419-7111               Sacramento, CA 95814
Facsimile: (916) 419-7747                Email:  WFa@pacificlegal.org
Email:  GERoper@pacificlegal.org         Email:  CKieser@pacificlegal.org
Service: IncomingLit@pacificlegal.org

*Attorneys for Plaintiffs*
*\* Pro Hac Vice*

---

[1] Amici moved to intervene yesterday afternoon—on the same day that Plaintiffs' last brief on dispositive motions were due and two weeks after Defendants filed their opening brief. ECF No. 56. As Plaintiffs will explain in their response, Amici's motion should be denied.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2022, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will provide notice of the submission of this document to all counsel of record.

s/ Glenn E. Roper
Glenn E. Roper

*Attorney for Plaintiffs*