IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MATTHEW MORTON and JOSHUA MORTON,<br>　　　　*Plaintiffs*,<br><br>　　　　v.<br><br>THOMAS J. VILSACK, in his official capacity as Secretary of Agriculture; ZACH DUCHENEAUX, in his official capacity as Administrator, Farm Service Agency,<br>　　　　*Defendants*. | Case No. 3:21-cv-00540-NJR |

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

　　　　Pursuant to Local Rule 7.1(c) and (g), the National Black Farmers Association ("NBFA") and the Association of American Indian Farmers ("AAIF") move for leave to file supplemental authority in support of their Motion to Intervene, Dkt. No. 56; *see also* Dkt. No. 65 (NBFA's and AAIF's Reply in Support of their Motion to Intervene). This motion to file supplemental authority should be granted because it concerns a decision that came out after the briefing on NBFA's and AAIF's motion to intervene was complete, which addresses arguments relevant to that motion. *United States v. Kmart Corp.*, No. 12-CV-881-NJR-PMF, 2015 WL 11181734, at *1, *3 (S.D. Ill. Jan. 12, 2015) (Rosenstengel, J.) (granting leave to provide supplemental authority on this basis); *see also* Dkt. No. 23 (Defendants submitting similar authority without leave).

　　　　In particular, NBFA and AAIF seek to submit to this Court docket entry 198 from *Miller v. Vilsack*, No. 4:21-CV-0595-O (N.D. Tex.), which is an Order authorizing NBFA and AAIF to intervene in that action. *Miller* is the only other active litigation considering the constitutionality of § 1005 of the American Rescue Plan Act. For the same reasons that NBFA and AAIF moved to intervene here, they moved to intervene in *Miller*. On May 2, 2022, the *Miller* court allowed NBFA and AAIF to intervene under Rule 24(b). It held that because (like here) NBFA and AAIF had

1

timely filed a conditional motion to intervene—which the *Miller* court previously stated was the proper way to ensure a formal motion to intervene is timely if "developments in th[e] lawsuit" subsequently "indicate that the organizations' interests diverge from the" parties, *Miller*, 2021 WL 6129207, at *3 (N.D. Tex. Dec. 8, 2021)—NBFA's and AAIF's request to intervene after they learned of the government's requested remedy in its summary judgment filings was timely. Further, the *Miller* court concluded that the remedy issue NBFA and AAIF sought to address concerned a "claim or defense" in common with the § 1005 litigation. And given that NBFA and AAIF stated they would not seek discovery and would conform any additional briefing to the wishes of the Court (the same limitations they have agreed to here), their participation would not prejudice the ongoing proceeding in any way.

As required by Local Rule 7.1(c) and (g), the above description of the supplemental authority complies with the limitations set forth in Federal Rule of Appellate Procedure 28(j). Therefore, and for the reasons stated, NBFA and AAIF request leave to submit the above description (with necessary formatting and grammatical changes) and the referenced Order as supplemental authority in support of their motion to intervene in this matter.

Date: May 2, 2022                                     Respectfully submitted,

                                                      **PUBLIC JUSTICE, P.C.**

                                                      /s/ David S. Muraskin
                                                      David Muraskin* (D.C. Bar No. 1012451)
                                                      Jessica Culpepper* (D.C. Bar No. 988976)
                                                         *Lead Counsel*
                                                      1620 L Street NW, Suite 630
                                                      Washington, D.C. 20036
                                                      Telephone: (202) 797-8600
                                                      Facsimile: (202) 232-7203
                                                      dmuraskin@publicjustice.net
                                                      jculpepper@publicjustice.net

2

*Counsel for the National Black Farmers Association and the Association of American Indian Farmers*

\* Admitted *Pro Hac Vice*

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was filed via the court's CM/ECF system on May 2, 2022, which will serve all counsel of record.

*/s/ David S. Muraskin*
David S. Muraskin
