IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Matthew MORTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas J. VILSACK, in his official capacity as Secretary of Agriculture, *et al.* <br><br> Defendants. | Case No. 3:21-cv-00540-NJR |

**DEFENDANTS' RESPONSE TO MOTION FOR LEAVE
TO FILE SUPPLEMENTAL AUTHORITY**

In their motion for leave to file supplemental authority, ECF No. 68, putative intervenors the National Black Farmers Association and the Association of American Indian Farmers (together, "the Associations") contend that a two-page order by the Northern District of Texas, granting their intervention under Rule 24(b) in *Miller v. Vilsack*, No. 4:21-cv-595-O, supports their intervention here. It does not.

As explained in Defendants' brief in opposition to their intervention, ECF No 64, the Associations do not meet the requirements for intervention as of right or permissively. As to permissive intervention, which is the sole basis for their intervention in *Miller*, the Associations' participation as a party would not add value to this litigation, because they have expressly disavowed any intention to make additional filings beyond their amicus brief and motion to intervene. *See id.* at 12. And to the extent the Associations seek to intervene solely to appeal any judgment that finds § 1005 unconstitutional but expands its benefits, that cannot be a basis for their intervention, because the Associations would lack standing to appeal any such judgment. *Id.*

The *Miller* court's decision does not address the latter concern. And because of the different procedural posture of the two cases, the *Miller* court's conclusion that the Association's participation

1

would not delay or prejudice proceedings there is inapposite here. In *Miller*, the Court invited the Association "to submit summary judgment briefing in accordance with the Court's scheduling order, should they wish to do so." *Miller* Order at 2. Here, unlike *Miller*, summary judgment briefing has been completed for more than one month. Thus, should the Association now wish to submit a summary judgment brief, their participation would indeed unduly delay and prejudice the proceedings in this case. But again, to the extent the Associations intend to rely on the briefing they already filed—as previously represented, Mot. to Interv. at 10, ECF No. 56—their intervention would serve no purpose.

Accordingly, for the reasons stated in Defendants' opposition brief, and for the additional reasons stated herein, the Court should deny the Associations' motion to intervene as of right or permissively.

Dated: May 4, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

LESLEY FARBY
Assistant Branch Director

/s/ *Kyla M. Snow*
MICHAEL F. KNAPP (Cal. Bar No. 314104)
KYLA M. SNOW (OH Bar No. 96662)
ALEXANDER V. SVERDLOV
Trial Attorneys
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 514-3259
Fax: (202) 616-8470
Email: kyla.snow@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2022, I electronically filed the foregoing using the Court's CM/ECF system, causing a notice of filing to be served upon all counsel of record.

Dated: May 4, 2022                    */s/ Kyla M. Snow*
                                      Kyla M. Snow